UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DONALD SYLVAS | CIVIL ACTION |
| VERSUS | NO. 12-2697 |
| WARDEN NATHAN CAIN | SECTION "H"(3) |

### TRANSFER ORDER

Petitioner, DONALD SYLVAS, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he is challenging the constitutionality of his March 28, 1988 state court conviction and sentence. To support his challenge, petitioner asserts the following grounds for relief:

1) His convictions and sentences for armed robbery and attempted armed robbery subjected him to double jeopardy;

2) The evidence introduced at the multiple offender adjudication was insufficient;

3) The state courts erred in finding that his motion to correct an illegal sentence was time-barred.

A review of this Court's records reflects that petitioner filed a prior petition for writ of habeas corpus related to this same conviction and sentence entitled Donald Sylvas v. Burl Cain,

Warden, Civil Action 97-1392 "LLM" (6).  In that petition, petitioner raised the following grounds for relief:

1) Counsel was ineffective in failing to impeach the testimony of Patricia Whitfield, Officer Moore, and Officer Swenson., and in declining to interview or secure the attendance of Calvin Malter for trial;

2) The evidence adduced at trial was insufficient to sustain his conviction on the charges of armed robbery and attempted armed robbery;

3) The evidence introduced at the multiple offender adjudication was insufficient to prove the validity of a 1984 felony conviction for simple burglary.

That petition was dismissed with prejudice on the merits by Judgment entered February 20, 1998. Petitioner appealed.  The certificate of appealability was denied.  (Rec. Doc. No. 10).

The petition presently before the Court is considered to be a second or successive petition as described by 28 U.S.C. § 2244.  In order to overcome the prohibition against the filing of a second or successive claim under that section, the petitioner must establish one of the following exceptions:

1) the claim relies on a new rule of law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or

2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A),(B).

Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file this second or successive petition from the United States Fifth

Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A).  Until such time as petitioner obtains said authorization, this Court is without jurisdiction to proceed.  Accordingly,

**IT IS ORDERED** that DONALD SYLVAS's petition be construed in part as a motion for authorization for the District Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that the petition be and hereby is **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 3rd day of January, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**